## THE STATE OF KANSAS v. FRANK VENNUM.

### No. 13,402.    (74 Pac. 268.)

Appeal from Barber district court; P. B. GILLETT, judge.    Opinion filed November 7, 1903.    Reversed.

*C. C. Coleman,* attorney-general, and *Samuel Griffin,* for The State.

*Noble & Tincher,* for appellant.

*Per Curiam:* Frank Vennum was convicted in the district court of Barber county of the embezzlement of a mare entrusted to him as bailee by the owner, A. M. Lumpkin, and appeals.    Accepting the evidence of the state as true, it showed this state of facts: The mare was in charge of Vennum, at Medicine Lodge, in Barber county, for training.    On one occasion Lumpkin, while at Medicine Lodge, was told by defendant that the next day he was going to take another mare, belonging to a third person, down to the new country—the Lawton country.    Lumpkin returned that evening to his home, near Sharon, a station on the railroad by which such shipment would be made, and the next day he went to Sharon to see the mare as it went through.    Upon the train he found Vennum and his (Lumpkin's) own mare.    Lumpkin asked Vennum why he had his mare instead of the other, and Vennum answered that the owner would not let the other go.    Vennum urged Lumpkin to accompany him to Wichita, and he finally consented and did so.    At Wichita the mare was unloaded and placed by Lumpkin in a livery-stable.    Vennum and Lumpkin associated at Wichita on very friendly terms. Lumpkin gave Vennum a power of attorney to sell the mare, and returned home.    Vennum had represented that he could sell the mare for $1000 to $1500, and Lumpkin told him not to sell for less than $235.    Vennum sold the mare to the lawyer who had drawn the power of attorney for $100, which was paid him, and which he kept.

To justify a conviction under the charge, the evidence must show a completed offense at the time Lumpkin discovered his mare in shipment at Sharon.    The conduct of the complaining witness just stated seems inconsistent with the idea of an embezzlement completed or attempted at that time.    The subsequent sale of the mare for less than the authorized price and the appropriation of the proceeds,.

however strongly they may show defendant's moral turpitude, do not tend to establish a prior embezzlement.

We think the evidence insufficient to sustain the conviction, and the judgment is accordingly reversed.